IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17cr221-1 |
| | ) | |
| CHRISTOPHER LEWIS TUCKER | ) | |

**MEMORANDUM ORDER**

Before the court is Defendant Christopher Lewis Tucker's motion for appointment of a guardian *ad litem* to represent and advocate on behalf of his best interests in the event those interests differ from the requests of defense counsel. (Doc. 87.) The Government takes no position with regard to the motion. For the reasons set forth below, Defendant's motion will be granted.

**I.  BACKGROUND**

Tucker is charged with five counts: two counts of enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, in violation of 18 U.S.C. § 2251(a) and (e); one count of knowingly transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1); one count of possessing a Smith & Wesson revolver and a 7.62x39 millimeter assault rifle, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2); and one count of knowing receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).  He has been in continuous custody since his arrest on April 25, 2017.  The extensive history surrounding his competency to stand trial and

the Government's efforts to restore his competency are thoroughly discussed in a prior ruling from this court. United States v. Tucker, 417 F. Supp. 3d 702 (M.D.N.C. 2019). On October 22, 2019, the court granted the Government's motion to involuntarily medicate Tucker to restore his competency to stand trial, pursuant to Sell v. United States, 539 U.S. 166 (2003), but stayed the order pending the ongoing interlocutory appeal. (Doc. 81.) Tucker, by and through defense counsel, now asks the court to appoint an attorney to serve as guardian *ad litem* under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"). The purpose of appointing such an attorney for Tucker, an indigent defendant, is to have Tucker's interests represented in the event that his expressed directions to defense counsel conflict with his best interest.

**II. ANALYSIS**

Federal courts across the country that have grappled with the decision to appoint additional counsel as guardian *ad litem* for a criminal defendant have recognized the limited caselaw on the matter. See United States v. Roney, No. 1:16-CR-00039-MOC-DLH, 2018 WL 5258625, at *1 (W.D.N.C. Oct. 22, 2018) ("There is a dearth of published decisions that address the appointment of a second attorney to serve as a guardian *ad litem* under the CJA."); United States v. King, 473 F. Supp. 2d 1182, 1183 (M.D. Ala. 2007) (recognizing that the law is "somewhat vague" regarding the appointment and compensation of additional counsel as guardian *ad*

*litem* under the CJA). The analysis in King involved a review of both the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes* ("*Guidelines*") as well as the CJA statute itself, 18 U.S.C. § 3006A(e), to determine whether appointment of additional counsel as guardian *ad litem* was appropriate for indigent defendants found not competent to stand trial. 473 F. Supp. 2d at 1183-84.

In King, the court found that under the *Guidelines* a court must make three findings before appointing a guardian *ad litem* to an incompetent defendant: (1) the difficulty of the case, (2) whether the appointment of counsel would serve the interests of justice, and (3) whether such appointment would be necessary for an adequate defense. Id. The court also held that appointment of a CJA guardian *ad litem* was appropriate under the CJA statute itself if the court found that the additional counsel's services are "necessary for adequate representation." Id. at 1184 (quoting 18 U.S.C. § 3006A(e)). This approach, finding authority under the *Guidelines* as well as from 18 U.S.C. § 3006A(e), was adopted and applied in Roney, 2018 WL 5258625, at *1. In Roney, the district court made the three findings under the *Guidelines* and found that appointment of additional counsel was warranted. Id. at *2. However, the court also relied on the CJA statute itself to support the appointment of a guardian *ad litem*. Id. ("Finally, even if the Guidelines do not specifically provide for such appointment,

3

the Court finds that it is authorized, pursuant to the CJA, to compensate an additional attorney as guardian *ad litem* as necessary to provide an adequate defense.").[1]

In the present case, after multiple hearings and extensive consideration, the court has found Tucker to be incompetent. On February 24, 2020, after this court's decision to order involuntary administration of antipsychotic medication, the court received a forensic evaluation report from the Bureau of Prisons which reported that Tucker had voluntarily taken his prescribed medications and was determined to be competent to stand trial.[2] (Doc. 83.) However, the case, which remains on interlocutory appeal to the Fourth Circuit, has not been set for a hearing on the report, a fact that may be complicated by the impact of the novel coronavirus-19 on the court's ability to conduct judicial proceedings. Moreover, Tucker is not considered competent to stand trial until this court conducts a hearing to determine his competency and finds by a preponderance of the evidence that he "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e). Thus,

---

[1] The appointment of a guardian *ad litem* is authorized by this district's CJA Plan, section XII.A.

[2] The Bureau of Prisons has not reported whether it has made a determination whether Tucker was sane at the time of the offense.

Tucker's determination of incompetency remains until a judicial determination of competency has been made.

Tucker is indigent, not having worked since his arrest. (Doc. 87 at 1.) The court has previously noted the difficulty of this case, from the point of view of the Defendant's mental status (Doc. 73), and it would clearly be in the interest of justice to have independent counsel advise as to Tucker's best interest. The only question remaining on the present motion, therefore, is whether appointment of an attorney as guardian *ad litem* is "necessary for adequate representation." 18 U.S.C. § 3006A(e).

When representing a competent defendant who understands the nature and consequences of the proceedings against him and can assist in his own defense, defense counsel can act on a defendant's instructions, knowing that the defendant is able to consider what is in his best interest and proceed from there. In contrast, incompetent defendants, such as Tucker, are not able to properly assist in their own defense. 18 U.S.C. § 4241(d). In those situations, defense counsel cannot expect that a defendant's expressed interests are in his best interest and can find themselves facing a dilemma: either represent the client based on the client's instructions and expressed interests, or ignore the client's wishes and act based on what is in the client's best interest, where that differs. The latter choice blurs the line between acting as an attorney and acting as a guardian. See United

5

States v. Pfeifer, 121 F. Supp. 3d 1255, 1258 (M.D. Ala. 2015) ("[I]f defense counsel were to ignore his client's expressed desires and wishes and to represent his client's best interests, he would no longer be serving as an attorney but rather as a guardian, a role for which he was not retained or appointed."). Rule 1.14 of the North Carolina Rules of Professional Conduct directs attorneys to, as much as possible, "maintain a normal client-lawyer relationship with the client," but when necessary, allows attorneys to seek the appointment of a guardian *ad litem*. See Roney, 2018 WL 5258625, at *1 (discussing the appointment of a guardian *ad litem* after counsel relied on Rule 1.14 of the North Carolina Rules of Professional Conduct to support the appointment). The appointment of a guardian *ad litem* allows for the adequate representation of Tucker's best interest, allowing his retained counsel to avoid straddling the line between attorney and guardian and maintain a normal attorney-client relationship.

This case presents a unique challenge, given Tucker's diagnosis of schizoaffective disorder with persecutory beliefs, upon which the court has relied in entering its Sell order. (Doc. 73 at 12, 14, 36-38.) The experts have described his case as "difficult and unusual." (Id. at 35.) A hallmark of Tucker's illness is a distrust of authority. Indeed, the court has previously found, based on the opinions of the experts, that he was "unable to cooperate rationally with his attorney." (Id. at

6

14.) Consequently, not only have Tucker's counsel been placed in a difficult position given his lack of competency, Tucker's reliance on counsel's advice has been a challenge, as a component of Tucker's illness is a distrust of advice.

Based on Tucker's unique situation, the court finds that a guardian *ad litem* is necessary to provide independent advice and to ensure that all of his interests, and best interests, are represented and made known to the court. This is especially important in this case where the views of Tucker, his family, and his current counsel may not be in harmony. The court will therefore approve the appointment of a guardian *ad litem* until such time, if any, the court determines that Tucker is competent to proceed and a guardian *ad litem* is no longer necessary for adequate representation.

### III. CONCLUSION

For the reasons stated above, the court finds pursuant to § 230.53.20 of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, that the appointment of an additional attorney to serve as guardian *ad litem* for the Defendant, Christopher Lewis Tucker, in this difficult case is necessary and in the interest of justice. The court also finds, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e), that the services of a guardian *ad litem* are necessary for adequate representation of the Defendant.

IT IS THEREFORE ORDERED that an attorney be appointed guardian *ad litem* forthwith for Defendant Tucker, to continue until it is determined that a guardian *ad litem* is no longer needed.

IT IS FURTHER ORDERED that fees for the guardian *ad litem* are to be paid pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(d) and § 230.53.10 of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, or in the alternative 18 U.S.C. § 3006A(e) and § 310.20.10 of the *Guidelines*.

                                                /s/   Thomas D. Schroeder
                                          United States District Judge

March 25, 2020