IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17CR221-1 |
| | ) | |
| CHRISTOPHER LEWIS TUCKER | ) | |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on the defendant's Motion to Reconsider Terms of Detention and Release (Docket Entry 93), which "moves this honorable Court to reconsider the terms of [his] detention and release [him] on bond pending trial" (id. at 1). For the reasons that follow, the Court grants in part and denies in part the instant Motion, in that the Court has reconsidered the defendant's detention and has concluded it remains appropriate.

INTRODUCTION

This case began with the issuance of a criminal complaint charging the defendant with transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1). (Docket Entry 1.) After a hearing (see Docket Entry 6), the Court (per the undersigned Magistrate Judge) "ruled that probable cause supported the charge and orally ordered the defendant's detention based on the statutory presumption of detention or, alternatively, because clear and convincing evidence established that no set of available release conditions could reasonably assure the safety of the community and a preponderance of the evidence established that no available

release conditions would reasonably assure [his] appearance" (Docket Entry 7 at 1). In explanation, that Order states:

> Given the nature of the charge in this case, "subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community," 18 U.S.C. § 3142(e)(3). . . .
>
> "Even when a defendant satisfies his burden of produc[ing evidence to rebut the presumption] . . ., 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.' The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citation omitted) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).
>
> In resolving the issue of release or detention, the Court has considered, along with the statutory presumption, the following statutorily prescribed factors: "(1) the nature and circumstances of the offenses charged, including whether any offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." 18 U.S.C. § 3142(g). Based on the record before it, the Court makes the following findings of fact and/or conclusions of law:
>
> 1) as reflected by above-discussed presumption of detention, the applicable penalties, and the language of the Bail Reform Act, the offense charged against the defendant is serious in nature and involved circumstances . . . that endangered the community;

Case 1:17-cr-00221-TDS   Document 94   Filed 07/02/20   Page 2 of 14

2) the weight of the evidence against the defendant is more than sufficient to support conviction beyond a reasonable doubt . . .

. . . .

. . . ; and

3) the history and characteristics of the defendant raise the following concerns regarding danger to the community and risk of nonappearance his release would present:

A) the defendant reports that he stopped taking depression medication a few years ago in favor of self-medicating with marijuana;

B) the defendant's mother and brother indicated that, due to recent abnormal behavior, the defendant needs a mental health evaluation and mental health treatment;

C) in an interview with Pretrial Services following his federal arrest, the defendant admitted to recently hearing "voices";

D) the defendant has a history of engaging in conduct that endangers the community, including: (i) a conviction for, and two pending charges of, resisting officers; (ii) a conviction for, and a pending charge of, driving while impaired, (iii) a conviction for reckless driving to endanger, (iv) a prayer for judgment continued for (1) harassing phone calls and (2) violation of a domestic violence protective order, and (v) a conviction for felony assault by strangulation; and

E) in executing the search warrants at the [defendant's] residence, officers discovered:

i) multiple firearms in a locked toolbox, the keys to which the officers located on a keyring obtained from the defendant's person upon his arrival at the residence; and

ii) drug paraphernalia, including marijuana, pipes, and a bong.

The Court finds that, under the circumstances presented, the defendant has failed to rebut the statutory

-3-

> presumption of detention through (i) the fact that he remained on bond for state charges related to the instant offense for a few weeks before his federal arrest and (ii) his proffer of his mother as a third-party custodian. Even assuming, however, that the defendant could overcome this statutory presumption, the Court still finds that the record establishes, by clear and convincing evidence, that the defendant's release would present a danger to the community that available release conditions would not reasonably address, and, by a preponderance of the evidence, that his release would present a risk of nonappearance. In that regard, the Court notes that the evidence indicates that the defendant possesses an extreme sexual interest in children as well as a significant history of engaging in conduct that threatens the safety of the community, including assault by strangulation, drunk driving, and resisting officers. In addition, the defendant possessed firearms at a time in which he qualified both as actively suffering from mental health issues and as a habitual drug user, circumstances that present a heightened danger to the community. Moreover, these recent mental health issues present a risk that the defendant remains unstable and cannot be relied upon to appear as directed.
>
> The Court further concludes that the defendant's proposed release plan fails to adequately offset the risk of danger and nonappearance. The defendant resided with his proposed custodian during the time that his behavior became increasingly erratic and while engaging in habitual use of controlled substances. Her presence did not deter his excessive focus on child-related sexual behavior, his use of drugs, or his decision to self-medicate rather than follow prescribed mental health treatment. Under these circumstances, the Court cannot order the defendant's release.

(Id. at 2-11 (internal brackets, some citations, footnote, and ellipses omitted).)

A grand jury for this District subsequently indicted the defendant for two counts of attempting to cause a perceived minor to engage in sexually explicit conduct for production of child

-4-

pornography in violation of 18 U.S.C. § 2251(a), transporting and receiving child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (2)(A), and possessing firearms and ammunition as an unlawful drug user/addict in violation of 18 U.S.C. § 922(g)(3). (See Docket Entry 19.) The Court (per Chief United States District Judge Thomas D. Schroeder) thereafter held multiple competency-related hearings (see Docket Entry 39; Minute Entry dated May 9, 2018; Docket Entry 71; Docket Entry 82) and ultimately found "by clear and convincing evidence that the involuntary administration of psychotropic medication to restore [the defendant's] competency [wa]s appropriate" (Docket Entry 73 at 1-2). The defendant appealed that order (see Docket Entry 77), and the Court (per Chief Judge Schroeder) stayed its enforcement "until such time as [that] appeal . . . is resolved" (Docket Entry 81 at 1; see also Docket Entries dated Nov. 1, 2019, to present (reflecting further activity, but no final order, on appeal)). On June 24, 2020, the Court (per Chief Judge Schroeder) set a status conference to "consider [a] request of the [d]efendant to be declared competent." (Docket Entry 92 at 1.) In advance of that conference (which since occurred (see Minute Entry dated July 1, 2020)), the defendant filed the instant Motion (see Docket Entry 93).[1]

---

[1] The defendant filed the instant Motion under seal. (See Docket Entry 93 at 1.) "If a party seeks to file documents or portions of documents under seal, that party should file a
(continued...)

-5-

DISCUSSION

As documented above, based on the defendant's failure to rebut the presumption under 18 U.S.C. § 3142(e)(3)(E) and/or on a review of the record as a whole, "after a hearing . . ., the [Court found] that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the . . . safety of . . . the community, [obligating the Court to] . . . order the detention of the [defendant] before trial," 18 U.S.C. § 3142(e)(1). Notwithstanding that finding, the defendant's "[detention] hearing may be reopened . . . at any time before trial if the [Court] finds that information exists [1] that was not known to the [defendant] at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the

---

[1](...continued)
redacted, public version of the documents on the Court's docket, and should separately file a Motion to Seal." M.D.N.C. LR 5.4(a); see also M.D.N.C. LCrR 57.1 ("Local Rule[] of Civil Practice . . . 5.4 . . . shall apply fully to criminal proceedings . . . ."). Although some exceptions to that requirement exist, none facially appear applicable to the instant Motion. See M.D.N.C. LR 5.4(g). Moreover, the Court's review of the instant Motion has confirmed that it largely consists of matters of public record and/or information the Court must include in this public order resolving the instant Motion. Accordingly, the Court will require the defendant to file (A) a notice abandoning any claim to continued sealing of the instant Motion, (B) a motion to seal and a redacted, public version of the instant Motion (along with a proper supporting brief, see M.D.N.C. LR 5.4(b)), or (C) a memorandum of no more than 10 pages explaining why Local Rule 5.4 does not apply.

-6-

defendant] as required and the safety of . . . the community." 18 U.S.C. § 3142(f).

The instant Motion argues for the defendant's release as follows:

> The [d]efendant has been [] detained ever since the date of his arrest, over three years as of the time of th[e] instant Motion.
>
> The Order for the [d]efendant's detention was based on the statutory presumption of detention, clear and convincing evidence establishing that no set of available release conditions could reasonably assure the safety of the community, and a preponderance of the evidence establishing that not [sic] available release conditions would reasonably assure the [d]efendant's appearance. In support of the conclusions regarding assurance of his appearance, the Court cited, among other things, the need for the evaluation and treatment of the [d]efendant's mental health.
>
> Over the course of the last three (3) years, the [d]efendant has been evaluated and/or treated by at least six (6) professionals, and . . . been treated with various medications . . . .
>
> The [d]efendant also has other underlying health conditions unrelated to his mental health issues, and has been the subject of at least one attack while housed in the Bureau of Prisons that left him with significant injuries.
>
> This Court has previously agreed with the Government's contention that forcible medication is necessary and likely to render the [d]efendant competent to stand trial.
>
> The [d]efendant is currently compliant in taking his medication and [a] report dated February 20, 2020, . . . finds him to be competent.

-7-

Case 1:17-cr-00221-TDS   Document 94   Filed 07/02/20   Page 7 of 14

The [d]efendant's appointed Guardian ad Litem has met with the [d]efendant and has opined that he is currently competent.

The [d]efendant has requested that the Court hold a hearing as quickly as possible to determine his competency pursuant to 18 U.S.C. § 4241(e).

The [d]efendant is subject to the normal release and detention provisions of 18 U.S.C. §§ 3141 *et seq.*, which apply to all criminal defendants.  18 U.S.C. § 4241(e).

"If the Court finds by a preponderance of the evidence that the defendant has recovered to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court shall order the [d]efendant's immediate discharge from the facility in which [he] is hospitalized and shall set a date for trial or other proceedings."  18 U.S.C. § 4241(e).  In the instant case, the [d]efendant was transferred back to the custody of the United States Marshals Service on June 5, 2020 . . . .

Federal law permits civil commitments under procedures that ensure that the confinement is both limited in duration and reasonably related to the purpose for which the detainee is confined.

Considering [A] <u>the [d]efendant's over three-year duration of confinement</u>, [B] <u>his current assessment of competence</u>, [C] <u>his ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense</u>, and [D] <u>the potentially significant health implications of being housed in [a local detention facility] during the COVID-19 pandemic</u>, the [d]efendant respectfully requests that he be released on bond pending trial of this matter.

The [d]efendant's release shall be conditioned under the terms contained in 18 U.S.C. § 3142(c)(1)(B), and conditions for his release exist that will reasonably assure the safety of any other person or the community.

(Docket Entry 93 at 2-5 (emphasis added) (internal paragraph numbers, some citations, brackets, and some alterations omitted).)

Based on the record (as supplemented by the instant Motion), the Court concludes that:

1) a preponderance of the evidence continues to establish that the defendant's release on available conditions would pose an unreasonable risk of nonappearance and clear and convincing evidence continues to establish that the defendant's release on available conditions would pose an unreasonable risk of danger to the community, such that his detention remains appropriate under Paragraph (1) of Subsection 3142(e); and

2) the defendant has not constructed an adequate legal and/or factual foundation for release in the face of the Court's findings under Paragraph (1) of Subsection 3142(e).

Regarding the first of those two conclusions, the instant Motion does not explain how the length of the defendant's pretrial detention and/or COVID-19-related concerns conceivably could alter the Court's findings that he "failed to rebut [a] statutory presumption of detention" (Docket Entry 7 at 10) and/or that "the record establishes, by clear and convincing evidence, that the defendant's release would present a danger to the community that available release conditions would not reasonably address, and, by a preponderance of the evidence, that his release would present a

-9-

risk of nonappearance" (id.).  (See Docket Entry 93.)  Similarly, a professional (or lay) opinion that, while confined, the defendant has become competent to proceed with this case (or that he has satisfied conditions precedent to such a determination, i.e., that he can understand the nature and consequences of this proceeding and can assist in his defense) does not establish that, if released from confinement (under unspecified conditions), he possesses the stability to appear in court as directed and to refrain from dangerous criminal activity.  Under these circumstances, the Court (at least for now) adheres to the view that the defendant still has not rebutted the presumption of detention under Subparagraph (3)(E) of Subsection 3142(e) or, in the alternative, that the record still establishes by a preponderance of the evidence that his release on available conditions would pose an unreasonable risk of nonappearance and by clear and convincing evidence that his release on available conditions would pose an unreasonable risk of community danger.  As a result, the defendant must remain detained under Paragraph (1) of Subsection 3142(e).

Turning to the second of the Court's above-noted conclusions, the instant Motion does not cite any provision of the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., that would allow the Court to order the release of a defendant, otherwise subject to detention under Paragraph (1) of Subsection 3142(e), premised on

-10-

Case 1:17-cr-00221-TDS   Document 94   Filed 07/02/20   Page 10 of 14

risk of nonappearance" (id.).  (See Docket Entry 93.)  Similarly, a professional (or lay) opinion that, while confined, the defendant has become competent to proceed with this case (or that he has satisfied conditions precedent to such a determination, i.e., that he can understand the nature and consequences of this proceeding and can assist in his defense) does not establish that, if released from confinement (under unspecified conditions), he possesses the stability to appear in court as directed and to refrain from dangerous criminal activity.  Under these circumstances, the Court (at least for now) adheres to the view that the defendant still has not rebutted the presumption of detention under Subparagraph (3)(E) of Subsection 3142(e) or, in the alternative, that the record still establishes by a preponderance of the evidence that his release on available conditions would pose an unreasonable risk of nonappearance and by clear and convincing evidence that his release on available conditions would pose an unreasonable risk of community danger.  As a result, the defendant must remain detained under Paragraph (1) of Subsection 3142(e).

Turning to the second of the Court's above-noted conclusions, the instant Motion does not cite any provision of the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., that would allow the Court to order the release of a defendant, otherwise subject to detention under Paragraph (1) of Subsection 3142(e), premised on

considerations such as the length of pretrial detention, recovered competency, or COVID-19-related concerns. (See Docket Entry 93 at 1-5.) In any event, if the instant Motion had cited authority and/or had developed argument showing a lawful basis to consider releasing the defendant due to such considerations, notwithstanding findings precluding his release under Paragraph (1) of Subsection 3142(e), the Court still would deny release as unsupported and unreasonable (at least on the present record).

As to COVID-19-related concerns in particular, the Court notes that the defendant has not alleged that he faces actual exposure to the virus that causes COVID-19 at his detention site or that he suffers from particular health conditions that make him more susceptible to a poorer outcome if he contracted COVID-19. (See id.) Accordingly, in the words used by another court in denying a COVID-19-based release request:

> [The defendant's] arguments [against] being incarcerated are general and speculative. . . . Unquestionably, avoiding crowds and social distancing are recommended to reduce the risk of transmission. But [the defendant has not alleged] . . . any known cases of COVID-19 at [his present] facility, and instead argues that an outbreak is inevitable. This argument is speculative.

United States v. Clark, No. 19-40068, 2020 WL 1446895, at *5 (D. Kan. Mar. 25, 2020) (unpublished) (internal citations omitted); see also United States v. Williams, Crim. No. 13-544, 2020 WL 1434130, at *2 (D. Md. Mar. 24, 2020) (unpublished) ("The [Emergency Motion

-11-

for Reconsideration of Bond based on COVID-19] goes on to note that [detainees] are at special risk given their living situation. These are challenges that cannot be denied, but as they relate to the issue of release, they are concerns not concrete enough to justify the release of [the movant]." (internal citation and quotation marks omitted)).

Furthermore, in light of the defendant's history, his request for release because of the risk he may contract COVID-19 cannot stand the test of reason, as illustrated in this analysis from another court that confronted an analogous request:

> [The defendant's request] ignor[es] other risk factors that would arise if he were released from custody. . . .
>
> [The defendant] does not address the extent to which his risks could be exacerbated if he returns to [the community]. . . . [H]e offers no evidence to explain how [his release plan] mitigates the risk of infection. For example, he does not . . . identify any screening practices or concrete COVID-19 precautions being taken [in the home where he would reside]. He therefore offers nothing more than speculation that [his release plan] would be less risky than [continued detention] . . . . And he does not address . . . [his community] health care system's capacity to provide him with adequate treatment if he were to contract the virus. . . . [Government officials] ha[ve] ample motivation to prevent any outbreak at the [defendant's detention] facility and, even if an outbreak occurs, to contain and manage it for the well-being of all involved.
>
> . . . .
>
> In considering [the defendant's] release . . . based on circumstances related to COVID-19, it is also appropriate to consider the likelihood that the defendant's proposed release plan would increase COVID-19 risks to others,

-12-

> particularly if the defendant is likely to violate
> conditions of release. A defendant who is unable to
> comply with conditions of release poses potential risks
> to law enforcement officers who are already tasked with
> enforcing [COVID-19-related] orders . . ., [probation]
> officers who come into contact with th[at] defendant for
> supervision, and others if th[at defendant] is taken back
> into custody.
>
> In this case, these considerations do not support
> release. . . . Given the [relevant] considerations
> discussed previously, the [C]ourt believes [the
> defendant] will likely violate any conditions of release
> the [C]ourt may impose if the [C]ourt were to issue a
> []release order. . . .
>
> . . . [The defendant] has been unable or unwilling to
> remain law-abiding . . . . The [C]ourt has no reason to
> believe that he would suddenly become compliant now.
>
> Meanwhile, supervising such a high-risk offender out in
> the community will place [probation] officers at
> heightened risk of contracting the virus. Location
> monitoring is not a limitless resource, nor is its
> installation and monitoring by [probation] officers
> without risk to those personnel (who must be trained and
> certified to install location monitoring) given the
> current recommendations regarding implementation of
> social distancing. And, when [the defendant] violates
> his conditions of release (as he likely will), law
> enforcement officers will be forced to expend valuable
> resources during a national crisis to take him back into
> custody . . ., both increasing the risk to them of
> contracting and spreading COVID-19 and further increasing
> the risk to the [jail] population when he inevitably
> returns to the facility. These additional considerations
> weigh in favor of denying the [instant M]otion.

Clark, 2020 WL 1446895, at *6-7 (internal citations and quotation marks omitted); see also United States v. Jackson, Crim. No. 18-216, 2020 WL 1445958, at *2 (W.D. Pa. Mar. 24, 2020) (unpublished) ("I also must keep in mind the substantial burden that releasing

-13-

. . . defendants would place on the U.S. Probation Office at a time when conditions already are not conducive to such monitoring.").

CONCLUSION

After careful review of the matters raised in the instant Motion, the Court declines to release the defendant.

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 93) is **GRANTED IN PART and DENIED IN PART,** in that the Court has reconsidered the propriety of the defendant's detention, but has concluded that he shall remain detained under Paragraph (1) of Subsection 3142(e).

**IT IS FURTHER ORDERED** that, on or before July 23, 2020, the defendant shall file (A) a notice abandoning any claim to continued sealing of the instant Motion, (B) a motion to seal and a redacted, public version of the instant Motion (along with a proper supporting brief, see M.D.N.C. LR 5.4(b)), or (C) a memorandum of no more than 10 pages explaining why Local Rule 5.4 does not apply.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 2, 2020

-14-

Case 1:17-cr-00221-TDS   Document 94   Filed 07/02/20   Page 14 of 14